ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LANCASTER | SIXTH JUDICIAL CIRCUIT |

John Hunter Matthews,

                Plaintiff(s),

-vs-

Wells Fargo Bank, NA,

                Defendant(s).

Case No. 2023CP290358

**SUMMONS**

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 22, 2023

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

STATE OF SOUTH CAROLINA

COUNTY OF LANCASTER

IN THE COURT OF COMMON PLEAS

SIXTH JUDICIAL CIRCUIT

John Hunter Matthews,

Plaintiff(s),

-vs-

Wells Fargo Bank, NA,

Defendant(s).

**COMPLAINT**

(Jury Trial Requested)

Plaintiff, complaining of the Defendant above named, would respectfully show as follows:

### INTRODUCTION

1. In 1978, Congress passed the **Electronic Fund Transfer Act** (EFTA) (15 U.S.C. 1693 et seq.) to protect individual consumers from, *inter alia*, fraudulent, or unauthorized electronic fund transfers from their bank accounts.

2. The EFTA is implemented through Regulation E, 12 CFR. 1005.

3. Regulation E defines an "**Account**" for purposes of the act to include a "*[c]hecking...account held by a financial institution...established primarily for personal, family, or household purposes.*" 12 CFR 1005.2(b)(1).

4. An "**electronic fund transfer**" (EFT) includes "*any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of*

1

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

*ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account."* 12 CFR 1005.2(b)(3).

5. An **"Unauthorized electronic fund transfer"** is an EFT from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 CFR 1005.2.

6. Although there is no bright-line time limit within which consumers *must* report unauthorized EFTs (*see,* 71 Fed. Reg. 1638, 1653 (Jan. 10, 2006) 12 CFR 1005.6), a consumer who provides notice to financial institution of an unauthorized transfer of funds from his account within *"60 days after the transmittal of the periodic statement on which the unauthorized transfer first appears"* has **no liability** for the transfer. 12 CFR 1005.6.[1]

7. A financial institution that **fails to apply this limit of liability properly** violates the EFTA.

8. Additionally, a financial institution that fails to **promptly** investigate in good faith, fails to conduct a **"reasonable"** investigation, or fails to **notify the consumer of the results of an investigation within 3 business days** violates the EFTA.

9. In this investigation, the financial institution bears the burden of proving that alleged Unauthorized EFT was, in fact, authorized.

10. The failure by a financial institution (or any person) to comply with any provision of the EFTA makes the institution liable for:
    a. Any actual damage sustained by the consumer because of the failure;
    b. In an individual action, damages of up to $1,000;
    c. Costs and attorney's fees;   15 USC §1693m

11. Additionally, 15 USC §1693f(e) provides that the consumer's damages shall be trebled "in any action under 1693m…if the court finds that:

---

[1] Different rules apply when the transfer involves the loss of an "access device" such as an ATM card, which are not relevant to the present case.

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

a. The financial institution did not provisionally recredit a consumer's account within ten days and did not **make a good faith investigation** of the alleged error; or

b. did not have a **reasonable basis** for believing that the consumer's account was not in error; or

c. **knowingly and willfully concluded** that the consumer's account was not in error[2] when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

12. The financial institution further must provide notice of the results of its investigation **within 3 business days of completing it.** 12 CFR 1005.11.

13. A bank who fails to apply the limitations on liability properly to an unauthorized transfer reported within 60 days is liable for recrediting the amount of the transfer as actual damages, additional damages of up to $1,000.00, costs and attorney's fees.

14. Additionally, when a bank does not make a good faith investigation of the error, concludes that an unauthorized transfer was "authorized" without reasonable basis, knowingly and willfully concludes there is "no error," it is liable for treble damages.

15. Claims under the EFTA and regulation E are additional to other remedies that may be available to a consumer.

## JURISDICTION

16. Plaintiff is a resident of Lancaster, South Carolina.

17. Wells Fargo Bank, NA, a national bank chartered and supervised by the Office of the Comptroller of Currency, headquartered in the State of California.

18. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

---

[2] "Errors" includes an unauthorized transfer. 12 CFR 1005.11.

3

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

## FACTUAL ALLEGATIONS

19. Plaintiff has been a customer of Defendant, Wells Fargo, for several years and maintains a "Wells Fargo Essential Checking" account ("Account").

20. Defendant Wells Fargo is a Financial Institution subject to the EFTA and Regulation E.

21. Plaintiff's Account is a checking held by Wells Fargo established primarily for personal, family, or household purposes. 12 CFR 1005.2(b)(1).

22. On December 14, 2022, unknown persons presumably posing as an Ohio, Limited Liability Company identified as "A Hair Addiction, LLC" initiated, via electronic means, a transfer of $24,999. From Plaintiff's account.

23. Plaintiff became aware of the transfer which appeared to be by wire almost immediately, and contacted Wells Fargo nearly contemporaneously with the transaction.

24. Defendant represented that it had or would "block" or stop the transaction but, upon information and belief, failed to take any action to do so.

25. As a result, contrary to Defendant's express representation, Defendant knowingly allowed the fraudulent transfer to proceed.

26. The transfer was, upon information and belief, an electronic fund transfer (EFT) initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account. 12 CFR 1005.2(b)(3).

27. Plaintiff did not authorize any such EFT.

28. The EFT was initiated by a person(s) other than the consumer without actual authority to initiate the transfer.

29. Plaintiff received no benefit whatsoever from the EFT.

30. The EFT was Unauthorized EFT's for purposes of the Act. 12 CFR 1005.2.

31. Plaintiff provided notice to Defendant Wells Fargo of the above Unauthorized EFT's on or about December 14, 2022.

4

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

32. Thus, Plaintiff provided notice to Wells Fargo within 60 days of the statement upon which the Unauthorized EFT's appeared.

33. Plaintiff had **no liability** for either transfer as a matter of law. 12 CFR 1005.6.

34. Despite the foregoing, Defendant Wells Fargo failed to recredit (provisionally or otherwise) Plaintiff's account in accord with his federally mandated limit of liability and continues to do so.

35. On January 13, 2022, in contravention of federal law, Defendant told Plaintiff that he was liable for the unauthorized EFT.

36. The wrongful acts of the Defendant described herein caused the following concrete and particularized harms and losses:

    a. Out of pocket losses for $24,999.00.

    b. Additional damages including loss of use of the above funds, costs of cover, emotional distress, and physical manifestations of same exceeding $1,000.00.

    c. Loss, impairment, or diminishment to value of property owned, and the cost of covering same; and

    d. Such other damages as may be shown at trial.

## FOR A FIRST CAUSE OF ACTION

**(Violation of the Electronic Fund Transfers Act and Regulation E:**

**Failure to Apply Limit of Liability)**

37. Plaintiff realleges and reasserts the above allegations and incorporates them into this cause of action.

38. Defendant Wells Fargo's failure to apply the limitation of liability of the Act to a properly noticed unauthorized EFT violates the EFTA, entitling Plaintiff to recover his actual damages (including the amount of the Unauthorized EFT's and damages of up to $1,000.00. 15 USC §1693m.

5

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

39. Defendant's failure to follow the above liability rules necessitated the bringing of this action.

40. Plaintiff is thus entitled to recover, besides the foregoing damages, attorney's fees, and the costs. Id.

## FOR A SECOND CAUSE OF ACTION

### (Violation of the Electronic Fund Transfers Act and Regulation E:

### Failure to Comply with Error Resolution Procedures)

41. Plaintiff realleges and reasserts the above allegations and incorporates them into this cause of action.

42. Immediately upon Plaintiff's notification to Defendant of the Error(s) in his Account in the form of Unauthorized EFT's, Defendant Wells Fargo was required to initiate an investigation.

43. Because the alleged error was an unauthorized EFT, Wells Fargo bore (and bears) the affirmative burden of proof to establish that the EFT's were authorized under 15 U.S.C. §1693g(b).  See also, 83 Federal Register 6364, 6382 (Feb. 13, 2018).[3]

44. Besides bearing the burden of proof for the investigation, Wells Fargo was required to:

    a. Investigate in Good Faith and Resolve the Error within 10 business days.

    b. Conduct a Reasonable Investigation.

    c. Support any finding by a reasonable basis for believing the consumer's account not in error.

    d. Report to the Consumer the results of the investigation within 3 business days of completing it. 12 CFR 1005.11.

---

[3] Absent the burden of proof, the obligation to act in good faith, and to back any determination by a reasonable basis in fact, any financial institution could simply conduct a cursory or conclusory "investigation," deny the claim, and avoid any loss to itself.

6

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

45. After receiving Plaintiff's notification, Defendant Wells Fargo on or about December 14, 2022, Wells Fargo initiated an investigation.

46. Wells Fargo did not, however, notify Plaintiff of the results of the investigation within 3 business days, but waited until January 13, 2023 to notify Plaintiff of the denial of his claim, violating the Act.

47. Pursuant to a pattern and practice of recent activity nationally by Wells Fargo, Defendant falsely stated that its denial was supported by contending that the transfer was "authorized" according to Plaintiff's account agreement, even though such representation contravened and attempts to subvert Defendant's legal responsibilities under Federal Law.

48. Defendant's investigation did not meet its burden of proof for finding against Plaintiff.

49. Defendant's investigation was unreasonable or supported by a reasonable basis.

50. Defendant's investigation was not made in "good faith" as required, but to prevent any loss to Defendant.

51. Defendant's actions were knowing and willful.

52. Defendant's investigation result was not reported to Plaintiff in the time allowed by the Act.

53. As a direct and proximate result of the foregoing, besides any damages above and the costs of this action (all of which are available for any EFTA violation) Defendant Wells Fargo is liable for treble damages in the amount of $25,807.47. 15 USC §1693f(e).

## FOR A THIRD CAUSE OF ACTION

### (Improper Payment / Debit of Account)

54. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

55. The parties were bound by a contractual relationship requiring Defendant to debit Plaintiff's account or initiate payments therefrom according to the instructions of the Plaintiff.

56. Plaintiff performed the contract as required; by its actions set forth above, Defendant breached the contract.

57. The actions of Defendant constitute improper payment or debiting of an account in violation of South Carolina Code Section §36-4-401, et. seq.

58. As a result and proximate consequence of the violation by Defendant of South Carolina Code Section §36-4-401, et. seq., injuries have been inflicted upon Plaintiff that may be recovered by way of judgment against Defendant, in a sum in excess of the face amount of the instrument(s) plus interest, other consequential damages, costs and attorney's fees.

## FOR A FOURTH CAUSE OF ACTION

### (Negligent Banking)

59. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

60. Plaintiff is a customer of Defendant or affiliates by virtue of a past or present relationship.

61. Defendant owed Plaintiff a duty to protect his account from fraudulent charges, including electronic transfers and/or wire transfers, and provide adequate account security to protect online accounts.

62. Defendant, in its conversation with Plaintiff on December 14, 2022, undertook to advise Plaintiff that it had or would prevent the fraudulent transfer.

63. Defendant owed a duty to exercise due care that arises by statute, knowledge of the risk, and commercially reasonable banking practices, as well as its representations.

64. Besides the above acts and omissions described in detail above, Defendant knew the risk of harm to Plaintiff posed by its systems, yet:

8

ELECTRONICALLY FILED - 2023 Mar 22 4:38 PM - LANCASTER - COMMON PLEAS - CASE#2023CP2900358

a. Failed to prevent fraud from occurring as described above;

b. Failed to provide adequate account security;

c. Failed to stop the transfer, even though it represented that it had or would;

d. Failed to "claw back" the transfer from the recipient bank, even though it represented that it had or would – and could do it.

e. Failed to freeze the accounts to preserve funds;

f. Failed to make any criminal investigation following notice of fraud;

g. Failed in such other respects as may be shown at trial.

65. The collective failures committed in light of the knowledge of vulnerabilities possessed by Defendant, constitutes breach of obligations to Plaintiff and a threat to the general public.

66. As a direct and proximate result of the negligent, careless, reckless, willful and wanton acts and omissions of the Defendant, judgment should be granted to the Plaintiff for both actual and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
dave@consumerlawsc.com

March 22, 2023

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LANCASTER | SIXTH JUDICIAL CIRCUIT |

John Hunter Matthews,

               Plaintiff(s),

-vs-

Wells Fargo Bank, NA,

               Defendant(s).

Case No.

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 23rd day of March 2023, I served the foregoing Summons and Complaint by sending a copy of same by U.S. Certified Mail, Restricted Delivery and Return Receipt Requested to the following:

Corporation Service Company
As Agent For: Wells Fargo Bank, NA
508 Meeting Street
West Columbia, South Carolina 29169

s/ Janel Bess
Janel Bess, Paralegal

March 23, 2023