# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| The Skin Studio Day Spa, LLC, | ) | **CASE NO. 3:23-cv-02111-SAL** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTION FOR LEAVE** |
| | ) | **TO FILE SURREPLY** |
| Wells Fargo Bank, NA and JP | ) | |
| Morgan Chase Bank, NA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Defendant JPMorgan Chase Bank, N.A., ("Chase"), by and through its undersigned counsel, and files its Response to Plaintiff's Motion for Leave to File Surreply, and in support thereof would show unto the Court the following, to-wit:

1.     After the Defendants had filed dispositive motions, Plaintiff filed its First Amended Complaint in this matter on June 27, 2023. *See* ECF 19. The First Amended Complaint asserted claims against Chase for violation of Article 4A of the Uniform Commercial Code ("UCC"), negligence, violation of the Unfair Trade Practices Act ("UTPA"), conversion, and money had and received. *See* ECF 19 at 4-10.

2.     Again, both Defendants moved to dismiss the First Amended Complaint because Plaintiff's claims remained implausible. *See* ECF 20 & 22.

1

After being granted an extension by the Court, Plaintiff responded to Chase's Motion to Dismiss, conceding its claims for negligence, conversion, and money-had-and-received were actually preempted, but arguing that its Article 4A and UTPA claims should survive. *See* ECF 36.

3.    Based upon Plaintiff's arguments in response to its Motion to Dismiss, Chase filed its Reply in support of the Motion to Dismiss on August 14, 2023. *See* ECF at 38. The Reply merely addressed and refuted those arguments presented by Plaintiff in its Response. *Compare* ECF 36 *with* ECF 38.

4.    On August 21, 2023, Plaintiff filed its Motion for Leave to File Surreply. *See* ECF 41. For multiple reasons, Plaintiff's motion must be denied.

5.    Motions must "state with particularity the grounds for seeking the [requested] order" and "the relief sought." *See* Fed. R. Civ. P. 7(b)(1)(B) & (C). A motion that "does not state with particularity why" relief should be granted should be denied. *See Peter B. v. Buscemi*, C/A No. 6:10–767–TMC, 2014 WL 6983356, at *6 (D.S.C. Dec. 10, 2014) (denying motion to redact that failed to specify basis request). Plaintiff's motion contains no "grounds" for the "relief sought." *See* ECF 41. Rather, it merely makes the conclusory assertion that it seeks to further "respond to certain issues raised in Defendants' Respective Motions to Dismiss." *See* ECF 41. Thus, on its face, Plaintiff's motion fails to comply with the mandatory requirements of Rule 7.

2

6.     Plaintiff's motion also asserts that "the putative deadline under the applicable Rules to respond to a Reply . . . is August 21, 2013." *See* ECF 41 at ¶ 1. It is mistaken. "The Local Civil Rules for this district do not expressly address sur-replies" and "[t]he court 'does not permit sur-replies absent good cause and leave of court.'" *Clear Touch Interactive, Inc. v. Ockers Co.*, C/A No. 6:21-cv-2208-TMC, 2022 WL 18587635, at *4 (D.S.C. Sept. 22, 2022) (citations omitted). Here, while Plaintiff has requested leave, it has no entitlement to a surreply and has not proffered any "good cause" for doing so. *See* ECF 41. Plaintiff is not entitled to a "do-over at formulating [its] arguments" in response to Chase's Motion to Dismiss. *See Hill v. Aaron's, Inc.*, Case No. 7:18-cv-1892-TMC, 2019 WL 13258466, at *4 (D.S.C. Jan. 7, 2019) (internal quotation marks and citations omitted).

7.     Plaintiff contends that it seeks to further "respond to certain issues raised in Defendants' Respective Motions to Dismiss." *See* ECF 41. The motion, however, completely fails to specify what those "issues" are and why Plaintiff should now be entitled to respond further after briefing is completed. *See Clear Touch Interactive*, 2022 WL 18587635, at *4 (denying leave where movant "had ample opportunity to brief the issues"). In addition, Plaintiff did not attach its proposed surreply. *Cf. Assessment Techs. Inst., LLC v. Parkes*, Case No. 19-2514-JAR, 2021 WL 4860553, at *4 (D. Kan. Oct. 19, 2021) (noting that movant, in not

3

complying with a local rule, "failed to attach her proposed sur-reply to the motion for leave, [so] the motion can be denied on this basis alone").

WHEREFORE, PREMISES CONSIDERED, Chase prays that Plaintiff's Motion for Leave to File Surreply be denied.

Dated:  September 5, 2023

**BURR & FORMAN LLP**

*/s/Taylor K. Voegel*
Taylor K. Voegel, Fed. ID No. 14023
2411 N. Oak Street, Suite 206 (29577)
Post Office Box 336
Myrtle Beach, SC 29578-0336
Ph:    843.444.1107
Fax:   843.443.9137
Email: tvoegel@burr.com

Mark H. Tyson
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Ph:    601.355.3434
Fax:   601.355-5150
Email: mtyson@burr.com

***Attorneys for Defendant JPMorgan Chase Bank, N.A.***

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice

of Electronic Filing on this the 5th day of September 2023:

David A. Maxfield
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC  29211
dave@consumerlawsc.com

S. Sterling Laney, III
Jason D. Wyman
Womble Gond Dickinson (US) LLP
550 South Main Street, Suite 400
Greenville, SC  29601
sterling.laney@wbd-us.com
jason.wyman@wbd-us.com

*/s/ Taylor K. Voegel*
OF COUNSEL

5