**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| The Skin Studio Day Spa, LLC, | ) | **CASE NO. 3:23-cv-02111-SAL** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S SUR-REPLY** |
| | ) | |
| Wells Fargo Bank, NA, and JPMorgan | ) | |
| Chase Bank, NA | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, The Skin Studio Day Spa, LLC ("Plaintiff" or "Skin Studio"), submits the following Sur-Reply in Opposition to Defendants' respective Motions to Dismiss and subsequent Replies.

As set forth in the Amended Complaint, prior to December of 2022, Chase allowed a fraudster using the name "Lyric Nazario" set up an account at its bank. On December 1, 2022, with no knowledge or involvement from Plaintiff, the fraudster initiated a transfer of $23,765.00 from Plaintiff's Wells Fargo account to this Chase Account. Plaintiff did not authorize this transfer. There is no known connection between Plaintiff and Nazario, nor is any alleged by Defendants.

Plaintiff learned of the unauthorized transfer the *same day* it occurred, and immediately notified Wells Fargo that the transfer was fraudulent. Wells Fargo took no action. Chase accepted the funds, although the account number and the name on the purported payment order were different and, as a result, the fraudster was allowed to abscond with Plaintiff's stolen funds. Both banks disclaimed any responsibility to the Plaintiff, and this action ensued.

Plaintiff alleges that Wells Fargo and Chase 1) violated UCC Article 4A (Comp., ¶¶ 29-

43); 2) improperly paid of debited an account  (Comp., ¶¶ 44-48); and 3) violated S.C. Code §
39-5-10 *et seq*., the Unfair Trade Practices Act (Comp., ¶¶ 60-69).  Both Defendants have filed
motions to dismiss, to which Plaintiff has filed responses, and the Defendants have filed replies.

In its Motion and Reply, **Wells Fargo** bases its case for dismissal on two contentions that
*sound* plausible – until applied to the actual facts.

First, Wells Fargo contends that if Wells Fargo and its customer agree on a
"commercially reasonable" security policy, and the bank acts in good faith in compliance with
that security policy, the customer has no claim. Implicit in this contention are that the security
policy must be "commercially reasonable" and the bank must have acted in "good faith."   But,
when tested against the *facts* of this case, it hardly bears mention that any security policy which
allows an unauthorized party to wire almost twenty-five thousand dollars from a customer's
account -- without that customer's knowledge or involvement at all  – cannot be "commercially
reasonable."  And, failing to take any actions to prevent such a transfer from being completed
where a bank has received **same day** notice that the transfer is fraud, is not only commercially
unreasonable, but a breach of the bank's duty to act in good faith.[1]

Wells Fargo's second argument, like its first, relies on a reasonable sounding assertion it
hopes the Court will not compare to the facts of the case, with Wells Fargo arguing that if it
receives wiring instructions from an "authorized agent" of the customer, then the customer bears
the risk of loss.  Again, while that may be true in principle, Wells Fargo never actually received
instructions from any "authorized agent" of Plaintiff (nor does it even try to claim otherwise).

As with its earlier argument, Wells Fargo simply restates a principle that is reasonable –

---

[1] And if nothing else, the fact that a determination of "reasonableness" or "good/bad faith" must be made
only emphasizes that a jury question exists.

2

but inapplicable to this case.

**Chase** argues that Plaintiff was the "originator" of the wire transfer because it came from Plaintiff's account. However, the UCC defines the "originator" as "the *sender* of the first payment order in a funds transfer. S.C. Code Ann. § 36-4A-104(c) (emphasis added). "Sender" is defined as "the person giving the instruction to the receiving bank." § 36-4A-103(a)(5). Here, as Plaintiff has pointed out, having given no instruction at all to its bank, Plaintiff was not the "sender." Thus, Plaintiff cannot be the "originator." A party who makes no instruction at all is neither of these things.

What Wells Fargo and Chase have in common is that their shared effort to put forth a legally false "principle," i.e., that an innocent customer's money can one day simply disappear from her account, with no fault on her part, and that neither the bank entrusted with the safekeeping of her money, nor the one who assisted a fraudster in receiving stolen funds, has any responsibility. If this principle were true, then no sane business or person should keep their money in a bank.2

Recently, another court in this District faced a similar argument. In *Gilbert v. Wells Fargo Bank* a commercial banking customer sued his bank, Wells Fargo, to recover three transfers from his account he notified Wells Fargo were fraudulent within minutes of their occurrence. In that case, as here, Wells Fargo failed to stop the transaction despite notice. And, as in this case, Wells Fargo moved to dismiss the customer's claims. However, Judge Richard Gergel found these allegations sufficient to survive dismissal under S.C. Code Ann. § 36-4A-207. *Gilbert v. Wells Fargo Bank*, No. 2:23-cv-04448-RMG at *5 (D.S.C. Oct. 17, 2023).

For the same reasons stated by Judge Gergel, the motion to dismiss should be denied

---

2

here. This case is a perfect example of why both Wells Fargo and Chase are culpable. There is no dispute at all that Plaintiff took absolutely no action at all to initiate the fraudulent transfer of funds. There is equally no dispute that Plaintiff notified its bank, Wells Fargo, the very day of the fraudulent transfer. Finally, it is alleged (and from the pleadings appears undisputed) that that the name and account number did not match on Chase's end of the fraudulent transaction. See, 4A.

Banks like Wells Fargo and Chase are in the best position to stop situations like this from causing harm to their customers. Yet they simply refuse to accept responsibility. As Judge Gergel so aptly stated, "in our new digital world, where fraudster's prowl, one would expect defrauded customers to attempt to recoup their losses from a bank." *Id*. at *9. But one would *not* expect the bank to be complicit in that fraud. If nothing else a bank, whose main job is to protect the safety and security customer money, should act like a bank. And when they choose not to do that, they must accept the consequences.

For the foregoing reasons, Defendants' motions to dismiss should be denied.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

November 21, 2023

4